# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| ARTHUR R. HOLLOWAY JR., § <br> TDCJ #02037836, § <br> § <br> Plaintiff, § <br> §     SA-20-CV-01226-XR <br> v. § <br> § <br> FRANK STENGEL, Individual Capacity, § <br> Assistant Warden – John B. Connally Unit; § <br> ET AL., § <br> § <br> Defendants. § | |

## ORDER

Before the Court is Plaintiff Arthur R. Holloway Jr.'s ("Holloway") second motion for default judgment in this *pro se* 42 U.S.C. § 1983 civil rights matter. (ECF No. 42). In the motion, Holloway contends he is entitled to a default judgment because certain Defendants have neither answered nor otherwise responded to his Amended Complaint.[1] (ECF Nos. 17, 42); *see* FED. R. CIV. P. 55(a). After review, Holloway's motion is **DENIED**.

### BACKGROUND

Holloway filed his Amended Complaint on December 7, 2020. (ECF No. 17). This Court rendered a service order on December 10, 2020; a summons and copies of the service order and the Amended Complaint were emailed to the Office of the Texas Attorney General ("OAG"). (ECF Nos. 18, 20). Defendants Debra Gloor, Jamecia Rice, Antonio Mejia, Valeria Price, Terry Koenning, and Adriana Soliz filed an answer to Holloway's Amended Complaint on January 19, 2021. (ECF No. 23). On that same date, the OAG filed a "Notice Regarding Service" as to the

---

[1] In the motion, Holloway seems to also request the Court rule on his previously filed motion for partial summary judgment. (ECF Nos. 32, 42). The Court dismissed Holloway's motion for partial summary judgment by Order dated February 12, 2021. (ECF No. 33). Accordingly, that motion is no longer pending and is no longer a live pleading.

remaining Defendants—Frank Stengel, Lorraine Salas, and Rita Smith. (ECF No. 24). Therein, the OAG advised it had been unable to effect service on these defendants but had contacted them and was working on serving them. (*Id.*). The OAG requested additional time to effect service on these Defendants, which the Court granted. (ECF Nos. 24, 31).

On February 25, 2021, Defendants Stengel and Salas filed an answer to Holloway's Amended Complaint. (ECF No. 34). Then, on March 1, 2021, the final Defendant, Smith, filed her answer. (ECF No. 38). After Smith's answer was filed, the Court rendered a Scheduling Order, setting out deadlines for discovery, dispositive motions, etc. (ECF No. 39).

## APPLICABLE LAW

If a party fails to plead or otherwise respond to a complaint within the required time period, it is subject to a motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedures. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see* FED. R. CIV. P. 55. However, entry of a default judgment is completely within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998); *Settlement Funding, LLC v. Garcia*, 533 F. Supp.2d 685, 695 (W.D. Tex. 2006). "Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper Maclead Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001) (citing *Lindsey*, 161 F.3d at 892). A plaintiff is not entitled to a default judgment as a matter of right even where the defendants is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2003) (per curiam). Relevant factors a court considers in determining whether to grant a default judgment include whether: (1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect;

(5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey*, 161 F.3d at 892; *Garcia*, 533 F. Supp.2d at 695.

### APPLICATION

The Court finds Holloway is not entitled to a default judgment. *See Lindsey*, 161 F.3d at 892; *Garcia*, 533 F. Supp.2d at 695. First, all Defendants *have* answered. (ECF Nos. 23, 34, 38). Although some answers were technically untimely under the Federal Rules of Civil Procedure, the OAG requested additional time to contact and serve those defendants. (ECF No. 24). The Court granted that request. (ECF No. 31). Moreover, material facts are at issue in this case, Holloway has not been prejudiced, a default judgment would be unduly harsh, and the Court would likely be obliged to set aside any default on Defendants' motion. *See Lindsey*, 161 F.3d at 892; *Garcia*, 533 F. Supp.2d at 695.

**IT IS THEREFORE ORDERED** that Holloway's second motion for default judgment (ECF No. 42) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 10th day of March, 2021.

_____
Xavier Rodriguez
United States District Judge